UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   12-16471 |
| CHARLES EDWARD TAYLOR, II, | ) | |
| | ) | Chapter:  11 |
| | ) | Honorable Donald R. Cassling |
| | ) | |
| Debtor(s) | ) | |

# FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL GENERATED BY 1522 N. LASALLE STREET, CHICAGO, ILLINOIS AND GRANTING ADEQUATE PROTECTION

Upon consideration of the motion (the "Motion") of Charles Edward Taylor, II (the "Debtor") requesting this Court's authorization to use the cash collateral of Bank of America (the "Lender") pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 (capitalized terms used herein and not defined herein shall have the meaning ascribed thereto in the Motion); due and proper notice of the Motion and final hearing on the Motion having been given to all parties entitled thereto; the Court having considered all relevant matters related thereto and being otherwise fully advised in the premises; a final hearing having been held on the Motion pursuant to the provisions of Fed. R. Bankr. P. 4001(c)(2); sufficient cause appearing therefor; it is hereby ORDERED:

1.  The Motion is hereby granted on a final basis subject to the terms and conditions set forth in this Order.

2.  This Court has jurisdiction of this Case and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

3.  The Debtor is authorized to use the Lender's cash collateral on a final basis in a manner that is substantially consistent with the budget attached hereto as Exhibit A (the "Budget") to pay actual, ordinary, and necessary expenses of maintaining the Property, including payments of principal and interest to the Lender.

4.  In addition to the payments of principal and interest that the Debtor proposes to make to the Lender pursuant to the Budget as adequate protection for any use or diminution in the value of the Lender's interest in the Property, including the cash collateral subject to the Motion, the Debtor shall reimburse the Lender for reasonable legal fees and expenses incurred in connection with this Case upon further order of this Court. Additionally, retroactive to the Debtor's petition date ("Petition Date") and without the necessity of any additional documentation or filings, the Debtor grants to the Lender valid, enforceable, non-avoidable, and fully perfected liens of the highest available priority upon future rents generated by the Property. The liens granted in this paragraph ("Adequate Protection Liens") shall be subject only to prior perfected and unavoidable liens in the Property. The Adequate Protection Liens granted by this Final Order are in addition to all security interests, liens and rights of the Lender existing as of the Petition Date.

5.  The entry of this Order is without prejudice to the Debtor's right to seek authority to use additional cash collateral or borrow funds pursuant to 11 U.S.C. § 364 if the Debtor determines that the cash collateral use authorized by this Order is insufficient.

6.  The Debtor shall segregate fifty percent (50%) of the excess rental income over expenses ("Excess Rent"), if any, in a cash collateral account subject to other and further order of this Court. The remaining 50% of the Excess Rent shall be paid to Cathryn.

7.  The Debtor and the Lender may make modifications or amendments to the Budget or this Order, to take effect only upon written notice approved by both parties, and all actions taken pursuant to such modified Budget shall be and hereby are expressly authorized hereunder.

8.  The Debtor's authority to use the Lender's cash collateral under this Order shall be effective immediately and shall extend through the earlier of (i) the date that an order is entered confirming a plan of reorganization, (ii) dismissal of the Case or conversion of this Case to one under Chapter 7 of the Bankruptcy Code, (iii) the appointment of a trustee or examiner in this Case, and (iv) further order of this Court.

9.  This Order shall take effect immediately upon execution hereof. There is no just reason to delay enforcement or appeal of this Order.

Enter: *Donald R. Cassling*

Dated: MAY 22 2012

United States Bankruptcy Judge

**Prepared by:**
Steven B. Towbin (2848546)
Kimberly Bacher (6285677)
Shaw Gussis Fishman Glantz
   Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151  telephone
(312) 980-3888  facsimile

Rev: 20120209_bko

# **Exhibit A**

**1522 N. LaSalle**
**2012 Budget**

| | |
|---|---:|
| **Rental Revenue** | 84,600 |
| **Expenses** | |
| Mortgage Interest | 42,000 |
| Property Taxes | 25,000 |
| Insurance | 7,000 |
| Maintenance | 7,000 |
| Utilities | 6,000 |
| Miscellaneous | 2,000 |
| **Total Expenses** | 89,000 |
| **Net Income** | (4,400) |