**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 12-16471 |
| CHARLES EDWARD TAYLOR, II, | ) | Hon. Donald R. Cassling |
| | ) | **Hearing Date: November 17, 2015** |
| Debtor. | ) | **Hearing Time: 9:30 a.m.** |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **November 17, 2015**, at **9:30 a.m.**, we shall appear before the Honorable Donald R. Cassling, Courtroom 619, Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or anyone sitting in his stead, to present the attached **FIFTH AND FINAL APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC, AS COUNSEL FOR THE DEBTOR, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND FOR RELATED RELIEF**, at which time and place you may appear if you so desire.

Respectfully submitted,

SHAW FISHMAN GLANTZ & TOWBIN LLC

Dated: November 13, 2015        By:   */s/ Steven B. Towbin*
                                      One of its members

Steven B. Towbin (IL ARDC 2848456)
Terence G. Banich (IL ARDC 6269359)
David R. Doyle (IL ARDC 6303215)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151  telephone
(312) 980-3888  facsimile

{10375-001 NTC A0422705.DOC}

**CERTIFICATE OF SERVICE**

Steven B. Towbin certifies that he caused to be served a true copy of the above and foregoing notice and attached application upon the Electronic Mail Notice List through the ECF System which sent notification of such filing via electronic means on November 13, 2015.

/s/ Steven B. Towbin

# Mailing Information for Case 12-16471

# Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Kimberly A Bacher     kbacher@shawfishman.com, bharrington@shawfishman.com
- Terence G Banich     tbanich@shawfishman.com, kbobb@shawfishman.com
- William J Connelly     wconnelly@hinshawlaw.com
- David R Doyle     ddoyle@shawfishman.com, kjanecki@shawfishman.com
- Madeline Gauthier     madelinegauthier@msn.com
- Jason R Giesler     pogo428@hotmail.com
- Dean C Gramlich     dgramlich@muchshelist.com, dwolski@muchshelist.com; sholstrom@muchshelist.com
- Natalia Rzepka Griesbach     ngriesbach@tishlerwald.com, bmurzanski@tishlerwald.com
- B Lane Hasler     lanehasler@blhpc.com
- Andrew E Houha     bkecfnotices@johnsonblumberg.com
- Patrick S Layng     USTPRegion11.ES.ECF@usdoj.gov
- Mark E Leipold     mleipold@gouldratner.com, srodriguez@gouldratner.com; lgray@gouldratner.com
- Gerald F. Munitz     gmunitz@nealwolflaw.com, nwolf@nealwolflaw.com; dwolski@nealwolflaw.com; dgramlich@nealwolflaw.com
- Jeffrey B Rose     jrose@tishlerandwald.com, bmurzanski@tishlerandwald.com
- Steven B Towbin     stowbin@shawfishman.com
- Bruce L Wald     bwald@tishlerandwald.com

- Neal L Wolf    nwolf@muchshelist.com, dwolski@muchshelist.com; dgramlich@muchshelist.com; jlenzke@muchshelist.com; jbenson@muchshelist.com; fdosunmu@muchshelist.com; sholstrom@muchshelist.com

Document      Page 4 of 15

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 12-16471 |
| CHARLES EDWARD TAYLOR, II, | ) | Hon. Donald R. Cassling |
| | ) | **Hearing Date: November 17, 2015** |
| Debtor. | ) | **Hearing Time: 9:30 a.m.** |

**FIFTH AND FINAL APPLICATION OF SHAW FISHMAN GLANTZ &
TOWBIN LLC, AS COUNSEL FOR THE DEBTOR, FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
AND FOR RELATED RELIEF**

Steven B. Towbin and the law firm of Shaw Fishman Glantz & Towbin LLC (collectively, "Shaw Fishman") applies to this Court, pursuant to 11 U.S.C. §§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a)(6), 2002(i), 2016(a) and 9007, for (i) final allowance and payment of a total of $75,222.00 in compensation for 442.5 hours of professional services rendered as counsel to Charles Edward Taylor, II, the above-captioned debtor, between August 1, 2014 through November 12, 2015 (the "Final Application Period"), and the reimbursement of $6,572.87 for actual expenses incurred incidental to those services, as set forth in the Invoices attached hereto as <u>Exhibit A</u> and (ii) final approval of all compensation and expense reimbursement previously applied for on an interim basis (the "Final Application"). In support of the Final Application, Shaw Fishman respectfully states as follows:

**Background**

1.  The Court has core jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2)(B) and (M) and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  On April 23, 2012 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

{10375-001 APPL A0417538.DOCX 2}          1

3.	On December 21, 2012, the Court entered an order confirming the Debtor's First Amended Chapter 11 Plan of Reorganization (the "Plan"). [Dkt. No. 200].

**Employment and Compensation of Shaw Fishman**

4.	On May 15, 2012, the Debtor applied to the Court for entry of an order approving the retention of Steven B. Towbin and Shaw Gussis Fishman Glantz Wolfson & Towbin LLC[1] as general bankruptcy counsel in connection with the Debtor's case and the compensation arrangement related thereto (the "Retention Application"). The Retention Application sought authority to hire Shaw Fishman to provide the following legal services:

(a)	To give the Debtor legal advice with respect to his rights, powers and duties as a debtor in possession in connection with administration of his estate and management of his property;

(b)	To advise the Debtor with respect to asset dispositions, including sales, abandonments, and assumptions or rejections of executory contracts and unexpired leases, and take such action as may be necessary to effectuate those dispositions;

(c)	To assist the Debtor in the negotiation, formulation and drafting of a chapter 11 plan;

(d)	To take such action as may be necessary with respect to claims that may be asserted against the Debtor and property of his estate;

(e)	To prepare applications, motions, complaints, orders and other legal documents as may be necessary in connection with the appropriate administration of the Case;

(f)	To represent the Debtor with respect to inquiries and negotiations concerning creditors of his estate and property of his estate;

(g)	To initiate, defend or otherwise participate on behalf of the Debtor in all proceedings before this Court or any other court of competent jurisdiction; and

(h)	To perform any and all other legal services on behalf of the Debtor that may be required to aid in the proper administration of his estate.

---

[1] On October 8, 2012, Shaw Gussis Fishman Glantz Wolfson & Towbin LLC changed its named to Shaw Fishman Glantz & Towbin LLC.

{10375-001 APPL A0417538.DOCX 2}	2

5. On May 22, 2012, this Court entered an order approving the Retention Application and authorizing the Debtor to employ Shaw Fishman as his general bankruptcy counsel in connection with the case, effective as of the Petition Date, to render the professional services set forth in the Retention Application (the "Retention Order").

6. On September 18, 2012, Shaw Fishman applied to the Court for entry of an order allowing $149,490.00 in fees and $5,489.68 in expenses (the "First Fee Application"). On October 9, 2012, the Court entered an order granting the First Fee Application, allowing $149,490.00 in fees and $5,489.68 in expenses (the "First Fee Order"). The First Fee Application only sought payment of 25% of the fees associated with the Adversary Proceeding (defined herein) and no fees related to Caiarelli's objection to the Debtor's exemptions. The First Fee Order thus authorized Shaw Fishman to assess a reduced amount of such fees against the Debtor's estate of $114,022.38.

7. On January 28, 2013, Shaw Fishman applied to this Court for entry of an order allowing $135,212.50 in fees and $3,684.19 in expenses (the "Second Fee Application"). On February 13, 2013, the Court entered an order granting the Second Fee Application in part, allowing $132,962.50 in fees and $3,684.19 in expenses (the "Second Fee Order"). Like the First Fee Application, the Second Fee Application only sought payment of 25% of the fees associated with the Adversary Proceeding. The Second Fee Order thus authorized Shaw Fishman to assess a reduced amount of such fees against the Debtor's estate of $85,695.63.

8. On November 5, 2013, Shaw Fishman applied to this Court for entry of an order allowing $252,220.50 in legal fees and authorizing payment of $193,433.63 of such fees, as well as allowance and payment of $7,610.81 in expenses (the "Third Fee Application"). On November 26, 2013, the Court entered an order granting the Third Fee Application, allowing $252,220.50 in legal fees and authorizing payment of $193,433.63, and allowing and authorizing payment of

$7,610.81 in expenses (the "Third Fee Order"). Like the First and Second Fee Applications, the Third Fee Application only sought payment of 25% of the fees associated with the Adversary Proceeding.

9.   On August 14, 2014, Shaw Fishman applied to this Court for entry of an order allowing $163,420.50 in legal fees and authorizing payment of $149,117.63 of such fees from the Debtor's estate, as well as allowance and payment of $4,691.36 in expenses (the "Fourth Fee Application"). On December 9, 2014, the Court entered an order granting the Fourth Fee Application in part and allowing Shaw Fishman $48,189.71 in fees and $2,382.28 in expenses (the "Fourth Fee Order"). Like the First, Second, and Third Fee Applications, the Court authorized payment of 25% of the fees associated with the Adversary Proceeding.

10.   The following chart summarizes the previous fee awards.

| Interim Fee Order | Fee Award | Portion of Fee Award related to Adversary Proceeding | Expense Award |
|---|---|---|---|
| First Fee Order | $114,022.38 | $9,672.38 | $5,489.68 |
| Second Fee Order | $132,962.50 | $15,755.63 | $3,684.19 |
| Third Fee Order | $193,433.63 | $19,595.63 | $7,610.81 |
| Fourth Fee Order | $48,189.71 | $1,337.26 | $2,382.28 |
| TOTAL | $488,608.22 | $46,360.90 | $19,166.96 |

11.   As disclosed in the Retention Application, the Debtor's mother, Emily Taylor (the "Guarantor"), who is not a creditor of the Debtor, has agreed to guarantee the payment of Shaw Fishman's invoices for legal services rendered to the Debtor in the event that there are insufficient funds in the Debtor's estate for payment of Shaw Fishman's allowed fees and expenses and for services and expenses that benefit the Debtor but may not be compensable by the Debtor's estate.

**Relief Requested**

**I.   Final Allowance of Fees and Expenses for the Application Period**

12.   During the Final Application Period, Shaw Fishman provided services to the Debtor that were consistent in scope to those outlined in the Retention Application. All of the services for

which compensation is requested were services which, in the exercise of Shaw Fishman's reasonable billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services. The fees sought by this Application are summarized in the following chart:

| Category | Hours | Gross Fees | Fees to Be Allowed |
|---|---|---|---|
| Appeal | 253.10 | $113,386.00 | $0.00 |
| Caiarelli Adversary Proceeding | .8 | $368.00 | $0.00 |
| Case Administration | 69.1 | $32,083.50 | $32,083.50 |
| Discharge Injunction Violation | 12.6 | $4,702.00 | $0.00 |
| Fee Application | 69.30 | $24,793.50 | $24,793.50 |
| Mediation | 33.6 | $16,737.00 | $16,737.00 |
| Prepetition Litigation | 2.9 | $1,329.00 | $1,329.00 |
| Sale of Property | .9 | $279.00 | $279.00 |
| TOTAL | 442.3 | $193,678.00 | $75,222.00 |

13. The hourly rates charged by the bankruptcy professionals of Shaw Fishman who worked on the case are as follows:[2]

| **Members** | **Hourly Rate** |
|---|---|
| Steven B. Towbin | $695-710 |
| Terence G. Banich | $450-460 |
| Carrie E. Davenport | $390 |

| **Associates** | **Hourly Rate** |
|---|---|
| David R. Doyle | $310-325 |
| Laura E. Caplin | $320 |
| Allison Hudson | $290 |

| **Paralegals** | **Hourly Rate** |
|---|---|
| Patricia M. Fredericks | $200 |

### Summary of Services

14. ***Case Administration.*** Shaw Fishman spent 69.1 hours of professional services having a value of $32,083.50 in connection with general case administration. Tasks in this category include: (i) researching and drafting a response brief to Caiarelli's motion to compel the

---

[2] In the exercise of its reasonable billing judgment, Shaw Fishman increased the billing rate of its professionals as reflected in the chart. By this Application, Shaw Fishman seeks compensation for tasks billed at the lower and higher rates.

filing of post-confirmation reports; (ii) preparing post-confirmation reports; (iii) reviewing and analyzing Caiarelli's motion to clarify that the discharge injunction did not apply to the motion to reaffirm the judgment assignment and attending a related hearing; (iv) reviewing and analyzing Caiarelli's motion to clarify that certain third-party discovery does not violate the discharge injunction, researching and drafting a response, and attending a related hearing; (v) reviewing the motion filed by Caiarelli to identify the specific assets transferred by the confirmed chapter 11 plan and attending a related hearing; (vi) drafting a motion to compel liquidation of the Debtor's inherited IRA; and (vii) responding to voluminous inquiries by bankruptcy counsel for Caiarelli regarding orders entered prior to confirmation of the Plan.

15.     *Fee Applications.*  Shaw Fishman spent 69.3 hours of professional services having a value of $24,793.50 in connection with fee applications for Shaw Fishman and other estate professionals, including: (i) drafting Shaw Fishman's fourth interim fee application and reply in support thereof and attending related hearings; (ii) drafting a reply in support of the fourth interim fee application; (iii) reviewing Caiarelli's motion to amend the Court's order on the fourth interim fee application and drafting a response; and (iv) drafting this Final Application.

16.     *Mediation.*  Shaw Fishman spent 33.6 hours of professional services having a value of $16,737.00 in connection with a mediation ordered by the Seventh Circuit Court of Appeals between the Debtor; Caiarelli and her counsel, Madeline Gauthier and Charles Kimbrough; and the malpractice insurers of Gauthier and Kimbrough.  Tasks in this category included: (i) preparing for and attending the mediation; (ii) preparing a settlement matrix and other materials to use in connection with the mediation; and (iii) conferring with the Debtor and his state court counsel regarding the mediation.

**Summary of Services Rendered by Professionals**

17. In summary, the lodestar amount of compensation sought with respect to the services rendered during the Final Application Period is $75,222.00 (the "Lodestar Amount"). The following chart sets forth the total number of hours spent by each professional and the associated fees that were incurred during the Final Application Period, including certain fees for which Shaw Fishman does not seek allowance pursuant to this Final Application.

| Professional | Position | Hours | Amount |
|---|---|---|---|
| Steven B. Towbin | Member | 47.7 | $33,396.00 |
| Terence G. Banich | Member | 250.8 | $114,598.00 |
| Carrie E. Davenport | Member | 11.5 | $4,485.00 |
| Laura E. Caplin | Associate | 24.9 | $7,968.00 |
| David R. Doyle | Associate | 93.6 | $29,715.00 |
| Allison Hudson | Associate | 8.4 | $2,436.00 |
| Patricia M. Fredericks | Paralegal | 5.4 | $1,080.00 |
| Total | | 442.3 | $193,678.00 |

18. The hourly rates charged by Shaw Fishman with respect to the Debtor's case compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Fishman attorneys and paralegals. Further, the amount of time spent by Shaw Fishman with respect to the case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake and the sophistication and experience of opposing counsel.

19. Given the criteria set forth in 11 U.S.C. § 330, namely (i) the nature, extent and value of the services, (ii) the time spent, (iii) the rates charged for such services, (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and the nature of the problem, issue or task addressed, and (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Fishman respectfully submits

that the Lodestar Amount represents a fair and reasonable amount for the allowance of interim compensation in this case.

**Expenses**

20.    Shaw Fishman also seeks reimbursement of $6,572.87 in actual and necessary Expenses incurred in connection with the services provided during the Application Period. All of the Expenses for which reimbursement is requested are expenses which Shaw Fishman customarily recoups from all of its clients. The types of costs for which reimbursement is sought are listed below:

| | |
|---|---|
| Conference Call | actual cost |
| Copying Services | actual cost |
| Filing Fees | actual cost |
| Internal photocopy | 10¢ per page |
| Messenger | actual cost |
| Pacer | actual cost |
| Parking/Taxi | actual cost |
| Postage | actual cost |
| Transcript | actual cost |
| Westlaw | actual cost |

**II.    Final Approval of Fees and Expenses Previously Awarded**

21.    In addition, Shaw Fishman respectfully requests that the Court approve, on a final basis, all fees and expenses previously awarded by this Court.[3]

22.    ***Additional Adversary Proceeding Fees.***  In addition, Shaw Fishman asks that the Court approve an additional $50,918.36 in fees related to the Adversary Proceeding. In its previous interim applications, Shaw Fishman has sought payment from the Debtor's bankruptcy estate for time related to Counts III – V of the adversary complaint, which sought to impose an equitable lien and constructive trust on property of the Debtor's bankruptcy estate (the "Estate Counts"), and

---

[3] Shaw Fishman reserves the right to apply for additional fees for any legal services that are rendered on behalf of the Estate after the Final Application Period.

{10375-001 APPL A0417538.DOCX 2}                    8

did not seek payment related to Counts I and II of the Complaint, which related to dischargeability under 11 U.S.C. § 523(a) (the "Dischargeability Counts"). The previous interim applications estimated that 25% of the fees in the Adversary Proceeding category related to the Estate Counts, and 75% related to the Dischargeability Counts, and pursuant to this formula, the Court authorized Shaw Fishman to assess a total of $46,360.90 in fees related to the Adversary Proceeding against the Estate.

23. Shaw Fishman has since reviewed its time entries to more closely approximate the actual time spent on the Estate Counts and Dischargeability Counts. Shaw Fishman proposes dividing the time entries into three categories: (i) entries related to the Estate Counts, to be assessed against the Estate in full; (ii) entries related to the Dischargeability Counts, which will not be assessed against the Estate; and (iii) entries related to both Estate Counts and Dischargeability Counts, to be assessed against the estate at a 50% discount. Attached as <u>Exhibit B</u> are spreadsheets dividing the time entries into these categories. In addition, Shaw Fishman proposes assessing against the Estate 100% of the time entries related to the motion filed by Caiarelli under Rule 60(b). A spreadsheet reflecting identifying the time entries relating to the Rule 60(b) Motion is attached as <u>Exhibit C</u>.

24. The following chart summarizes the total fees sought related to the Adversary Proceeding category:

| | |
|---|---|
| Fees Related to Estate Counts (assessed at 100%) | $10,124.50 |
| Fees Related to both Estate Counts and Dischargeability Counts (except Rule 60(b) entries) (assessed at 50%) | $79,555.25 |
| Fees Related to Rule 60(b) Motion (assessed at 100%) | $7,599.50 |
| **Total** | $97,279.25 |

25. Shaw Fishman thus seeks a total of $614,748.57 of Fees approved on a final basis pursuant to this Final Application (the "Fee Request"), including the fees for the Final Application Period, as set forth in the following chart:

| | |
|---|---|
| Fees Related to Adversary Proceeding | $97,279.25 |
| First Fee Order (less fees related to Adversary Proceeding) | $104,350.00 |
| Second Fee Order (less fees related to Adversary Proceeding) | $117,206.87 |
| Third Fee Order (less fees related to Adversary Proceeding) | $173,838.00 |
| Fourth Fee Order (less fees related to Adversary Proceeding) | $46,852.45 |
| Final Application Period | $75,222.00 |
| Total | $614,748.57 |

26. In addition, Shaw Fishman requests that the Court approve on a final basis all previously awarded Expenses.

### Source of Payment and Payments Already Received

27. If an applicant seeks payment of fees, the U.S. Bankruptcy Court for the Northern District of Illinois Local Rule 5082-1(b)(2) requires disclosure of the "source of the proposed payment." With respect to fees for which this Application seeks payment and not merely allowance, Shaw Fishman proposes payment as an administrative expense from assets of the Debtor's bankruptcy estate.

28. Prior to the Petition Date, Shaw Fishman received the aggregate amount of $105,628.19 in consideration for its prepetition services and expenses, including representing the Debtor in mediation proceedings in Seattle, Washington related to certain prepetition litigation, and as a retainer for this case (the "Prepetition Retainer"). As of the Petition Date, $11,468.54 of the Prepetition Retainer remained.

29. Thus far, Shaw Fishman has received a total of $164,676.48 from the Estate for allowed fees and expenses reimbursement (not including the Prepetition Retainer). The Estate paid that amount with the proceeds from settlements with Caiarelli over the value of the Debtor's

real and personal property, which valuations and payments were required by the Plan. *See* [Dkt. Nos. 207, 211, 213, 219]. In addition, the Court authorized Shaw Fishman to apply the balance of the Prepetition Retainer in connection with the First Fee Order.

30. The Estate currently holds a total of $255,204.17, which constitute the net proceeds of the liquidated IRA, which is currently held by Shaw Fishman in its client trust account. In addition, the Debtor anticipates receiving a tax return in the amount of $26,838.00, which will also be held in the client trust account.

31. Shaw Fishman has been entitled to apply the IRA proceeds to its outstanding fees and expenses under the interim fee awards. Despite this fact, Shaw Fishman ***has not yet sought payment from the proceeds of the liquidated IRA*** and has instead waited until this Final Application is resolved. Shaw Fishman has received a portion of the allowed fees and expenses from the Guarantors as the Estate did not have ample resources to pay those allowed fees and expenses. As of this date, Shaw Fishman has allowed fees and expenses which have not been paid by the Estate or the Guarantors in the amount of approximately $49,526.97.

**Compliance with 11 U.S.C. § 504**

32. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Fishman and any other firm, person or entity for the sharing or division of any compensation paid or payable to Shaw Fishman.

**Notice**

33. Shaw Fishman requests that the Court set a date for a final hearing on this Final Application. Shaw Fishman intends to provide notice of the final hearing after the Court sets the date.

WHEREFORE, Shaw Fishman requests the entry of an order, substantially in the form attached hereto, that:

a) Sets a final hearing on the Final Application;

b) Approves and authorizes payment on a final basis of a total of $614,748.57 in fees and $25,739.83 in expenses; and

c) Provides Shaw Fishman with such additional relief as may be appropriate and just under the circumstances.

                              Respectfully submitted,

                              SHAW FISHMAN GLANTZ & TOWBIN LLC

Dated: November 13, 2015        By: */s/ Steven B. Towbin*
                                        One of its members

Steven B. Towbin (IL ARDC 2848456)
Terence G. Banich (IL ARDC 6269359)
David R. Doyle (IL ARDC 6303215)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151  telephone
(312) 980-3888  facsimile