**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 12-16471 |
| CHARLES EDWARD TAYLOR, II, | ) | Hon. Donald R. Cassling |
| | ) | Hearing Date:   January 19, 2016 |
| Debtor. | ) | Hearing Time:   2:00 p.m. |

**SUPPLEMENTAL STATEMENT OF**
**SHAW FISHMAN GLANTZ & TOWBIN LLC AS TO AMOUNTS DUE**
**AND REQUESTED AS AND FOR FINAL COMPENSATION**
**AND EXPENSE REIMBURSEMENT**

Pursuant to the Court's direction at the initial hearing on January 12, 2016 on the Fifth and Final Application of Shaw Fishman Glantz & Towbin LLC (the "Final Application" and the "Firm"), the Firm herewith submits its Supplemental Statement as to the (a) previous amounts awarded the Firm for interim compensation and expenses as against the debtor's estate, (b) amounts paid to the Firm from unencumbered non-exempt assets of the debtor's estate, (c) amount due the Firm from the debtor's estate based on this court's prior interim compensation awards, and (d) amounts claimed by the Firm as and for final compensation and expenses.

**A.    Amounts Previously Awarded The Firm Pursuant To Interim Compensation And Expense Reimbursement Orders**

| *Interim Fee Order* | *Interim Fee Award assessed against Estate* | *Interim Expense Award assessed against Estate* |
|---|---|---|
| First Fee Order [Dkt. No. 154] | $114,022.38 | $5,489.68 |
| Second Fee Order [Dkt. No. 221] | $85,695.63 | $3,684.19 |
| Third Fee Order [Dkt. No. 319] | $193,433.63 | $7,610.81 |
| Fourth Fee Order [Dkt. No. 385] | $48,189.71 | $2,382.28 |
| **Total** | **$441,341.35** | **$19,166.96** |

**B.**   **Amounts Paid To The Firm From Unencumbered Non-Exempt Assets Of The Debtor's Estate**

The debtor's estate's unencumbered and non-exempt assets, real and personal, are $431,349.19, and are comprised of the following items:

1.     Real and personal property as determined by prior orders of this Court when purchased pursuant to the debtor's confirmed chapter 11 plan (the "Plan"):

| | | | |
|---|---|---|---|
| (i) | personal property | $107,801.48 | [Dkt. No. 213-1] |
| (ii) | real property | $56,875.00 | [Dkt. No. 201-1] |
| | | $164,676.48 | |

2.     The balance of the debtor's prepetition retainers — $11,468.54[1]

3.     The net, after-tax, proceeds of the debtor's inherited IRA, $255,204.17.   No portion of these funds have been used to satisfy any of the debtor's estate's liabilities to the Firm for previous awards of interim compensation and expenses, and all of these funds are presently in the Firm's client funds account.

**C.**   **Amounts Due And Owing To The Firm From The Debtor's Estate Based On The Court's Prior Awards Of Interim Compensation And Expenses**

The balance of the Firm's prepetition retainer of $11,468.54, the proceeds of the debtor's unencumbered and non-exempt personal property of $107,801.48, and the proceeds of the debtor's unencumbered and non-exempt real property of $56,875.00, or a total of $176,145.02, have been applied against the debtor's estate's obligations to the Firm pursuant to the Court's previous interim compensation and expense reimbursement awards.  This leaves a balance due and owing the Firm from the debtor's estate of $284,363.29 ($460,508.31 less $176,145.02), based on the Court's prior orders on the Firm's First, Second, Third and Fourth Interim Fee and Expense Reimbursement Orders minus payments of estate funds outlined above in Section B.

---

[1] These funds were furnished, on information and belief, by relatives of the debtor and were not the proceeds of the debtor's assets or property.

While the Firm has received certain payments from or on behalf of the guarantor during the case, these payments have been applied to obligations owed to the Firm for services and expenses that are **not** liabilities of the debtor's estate. That, of course, was a primary purpose of the guaranty, to protect the Firm and not the creditors of the debtor's estate.

The Court has previously ruled, at the request of Ms. Caiarelli, that it would not consider and pass on the reasonableness of compensation and expenses due the Firm for which the debtor's estate has no liability because they are not within the purview of 11 U.S.C. § 330 and 331. The amounts paid by the guarantor to the Firm remain irrelevant to the Final Application, but the Court should be informed that because all of the funds paid by the guarantor have been applied on amounts due the Firm for which the debtor's estate has no liability, no funds that have been or will be paid to the Firm by the debtor's estate have been or shall be reimbursed to the guarantors by the Firm.

**D.**     **Amounts Claimed In the Final Application**

The additional fees requested total $126,140.36, comprised of $75,222 for services rendered during the period covered by the Final Application, plus $50,918.36 in additional fees related to the Adversary Proceeding based on a detailed review of the time spent and the relief requested in the Adversary Proceeding. In addition, the Firm as $6,572.87 in expenses for which reimbursement is requested.

Respectfully submitted,

Shaw Fishman Glantz & Towbin LLC

Dated: January 15, 2016          By:   /s/ Steven B. Towbin
                                                      A Member

Steven B. Towbin (#2848546)
David R. Doyle (#6303215)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151

## CERTIFICATE OF SERVICE

Steven B. Towbin certifies that he caused to be served a true copy of the above and foregoing **Supplemental Statement Of Shaw Fishman Glantz & Towbin LLC As To Amounts Due And Requested As And For Final Compensation And Expense Reimbursement** upon the attached Electronic Mail Notice List through the ECF System (unless otherwise indicated) which sent notification of such filing via electronic means on January 15, 2016.

/s/ Steven B. Towbin

# Mailing Information for Case 12-16471

## Electronic Mail Notice List

- Kimberly A Bacher    kbacher@shawfishman.com, bharrington@shawfishman.com
- Terence G Banich    tbanich@shawfishman.com, kbobb@shawfishman.com
- Terence G Banich    tbanich@shawfishman.com, kbobb@shawfishman.com
- William J Connelly    wconnelly@hinshawlaw.com
- David R Doyle    ddoyle@shawfishman.com, kjanecki@shawfishman.com
- David R Doyle    ddoyle@shawfishman.com, kjanecki@shawfishman.com
- Madeline Gauthier    madelinegauthier@msn.com
- Jason R Giesler    pogo428@hotmail.com
- Dean C Gramlich    dgramlich@muchshelist.com, dwolski@muchshelist.com;sholstrom@muchshelist.com
- Natalia Rzepka Griesbach    ngriesbach@tishlerwald.com, bmurzanski@tishlerwald.com
- B Lane Hasler    lanehasler@blhpc.com
- Andrew E Houha    bkecfnotices@johnsonblumberg.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Mark E Leipold    mleipold@gouldratner.com, srodriguez@gouldratner.com;lgray@gouldratner.com
- Gerald F. Munitz    gmunitz@nealwolflaw.com, nwolf@nealwolflaw.com;dwolski@nealwolflaw.com;dgramlich@nealwolflaw.com
- Jeffrey B Rose    jrose@tishlerandwald.com, bmurzanski@tishlerandwald.com
- Steven B Towbin    stowbin@shawfishman.com
- Steven B Towbin    stowbin@shawfishman.com
- Bruce L Wald    bwald@tishlerandwald.com
- Neal L Wolf    nwolf@muchshelist.com, dwolski@muchshelist.com;dgramlich@muchshelist.com;jlenzke@muchshelist.com;jbenson@muchshelist.com;fdosunmu@muchshelist.com;sholstrom@muchshelist.com
- Neal L Wolf    nwolf@nealwolflaw.com, dwolski@muchshelist.com;dgramlich@muchshelist.com;jlenzke@muchshelist.com;jbenson@muchshelist.com;fdosunmu@muchshelist.com;sholstrom@muchshelist.com

**Manual Notice List (in the manner indicated)**

Charles and Cathryn Taylor *
1522 North LaSalle St.
Chicago, IL 60610
ctaylor@taylormicro.com
cet@taylormicro.com

Reuben W. Taylor *
1528 West Adams St.
Chicago, IL 60607
rwt@taylormicro.com

Emily Taylor **
699 Revere Drive
Glen Ellyn, IL 60137

*   Via Email
**  Via U.S. Mail