# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 12-16471 |
| CHARLES EDWARD TAYLOR, II, | ) | Hon. Donald R. Cassling |
| | ) | Hearing Date:    March 29, 2016 |
| Debtor. | ) | Hearing Time:    9:30 a.m. |

## NOTICE OF MOTION

To:    See Attached Service List

**PLEASE TAKE NOTICE** that on **March 29, 2016 at 9:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Donald R. Cassling,** Bankruptcy Judge, in Courtroom No. 619, U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in his absence, before such other Judge who may be sitting in his place and stead and hearing bankruptcy motions, and shall then and there present the **Motion of Charles Edward Taylor, II for Entry of Final Decree,** a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

    Steven B. Towbin (#2848546)
    Terence G. Banich (#6269359)
    David R. Doyle (#6303215)
    Shaw Fishman Glantz & Towbin LLC
    321 North Clark Street, Suite 800
    Chicago, Illinois 60654
    (312) 541-0151

## CERTIFICATE OF SERVICE

Steven B. Towbin certifies that he caused to be served a true copy of the above and foregoing notice and attached pleading upon the attached Electronic Mail Notice List through the ECF System on this 22nd day of March 2016.

    /s/ Steven B. Towbin

# Mailing Information for Case 12-16471

## Electronic Mail Notice List

- Kimberly A Bacher     kbacher@shawfishman.com, bharrington@shawfishman.com
- Terence G Banich     tbanich@shawfishman.com, kbobb@shawfishman.com
- Terence G Banich     tbanich@shawfishman.com, kbobb@shawfishman.com
- William J Connelly     wconnelly@hinshawlaw.com
- David R Doyle     ddoyle@shawfishman.com, kjanecki@shawfishman.com
- David R Doyle     ddoyle@shawfishman.com, kjanecki@shawfishman.com
- Madeline Gauthier     madelinegauthier@msn.com
- Jason R Giesler     pogo428@hotmail.com
- Dean C Gramlich     dgramlich@muchshelist.com, dwolski@muchshelist.com;sholstrom@muchshelist.com
- Natalia Rzepka Griesbach     ngriesbach@tishlerwald.com, bmurzanski@tishlerwald.com
- B Lane Hasler     lanehasler@blhpc.com
- Andrew E Houha     bkecfnotices@johnsonblumberg.com
- Patrick S Layng     USTPRegion11.ES.ECF@usdoj.gov
- Mark E Leipold     mleipold@gouldratner.com, jestrada@gouldratner.com;lgray@gouldratner.com
- Gerald F. Munitz     gmunitz@nealwolflaw.com, nwolf@nealwolflaw.com;dwolski@nealwolflaw.com;dgramlich@nealwolflaw.com
- Jeffrey B Rose     jrose@tishlerandwald.com, bmurzanski@tishlerandwald.com
- Steven B Towbin     stowbin@shawfishman.com
- Steven B Towbin     stowbin@shawfishman.com
- Bruce L Wald     bwald@tishlerandwald.com
- Neal L Wolf     nwolf@tetzlafflegal.com, dwolski@tetzlafflegal.com;jbenson@tetzlafflegal.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLES EDWARD TAYLOR, II, | ) | Case No. 12-16471 |
| | ) | |
| Debtor. | ) | Hon. Donald R. Cassling |

## MOTION OF CHARLES EDWARD TAYLOR, II
## FOR ENTRY OF FINAL DECREE

Charles Edward Taylor, II, the above-captioned debtor (the "Debtor"), hereby moves (the "Motion") pursuant to 11 U.S.C. § 350(a) and Fed. R. Bankr. P. 3022 for entry of a final decree closing the above-captioned bankruptcy case (the "Case"). In support of the Motion, the Debtor respectfully states as follows:

### Introduction

1. The Court has core jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2)(A) and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On April 23, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

### Background

**A. The Confirmed Plan**

3. On December 21, 2012, the Court entered an order (the "Plan Confirmation Order") confirming the *Debtor's First Amended Chapter 11 Plan of Reorganization* (the "Plan"). [Dkt. No. 200].

4. A summary of the distributions to creditors under the Plan, and the status of such distributions, is set forth below:

| Claims | Summary of Plan Treatment | Status of Distributions |
|---|---|---|
| **Administrative Claims** | Paid in full on the Effective Date of the Plan or as soon as practicable. | Shaw Fishman holds an administrative claim for unpaid legal fees and expenses. The Court has taken Shaw Fishman's Final Fee Application under advisement. |
| **Priority Tax Claims** | Paid in full on the Effective Date of the Plan or as soon as practicable. | Paid in full. |
| **U.S. Trustee fees** | Paid in cash, in full, when such fees become due and payable. | Paid in full. |
| **Class 1 Claims (Unsecured priority claims, other than tax or administrative claims)** | Paid in full on the Effective Date of the Plan or as soon as practicable. | Paid in full. |
| **Class 2 Claim (Secured claim of Bank of America)** | Timely payment of all claims due under mortgage. | Bank of America continues to receive payments under mortgage. |
| **Class 3 Claim (Secured claim of James D. MacLennan)** | Payment of $25,000 to MacLennan upon Effective Date or as soon as practicable. Five year extension of mortgage. | Mr. MacLennan received the $25,000 payment and continues to receive payments under mortgage. |
| **Class 4 Claim (Secured claim of Cook County Treasurer)** | Paid in cash, in full, when such taxes become due and payable. | Paid in full. |

| **Class 5 Claim (General unsecured creditors)** | Payment of the Residual Funds. | No distributions have been made. |
|---|---|---|

5.      The Plan appointed Richard M. Fogel as Disbursing Agent for purposes of making distributions to Class 5 Claimants. The Disbursing Agent currently holds approximately $282,042.17.

### B. Shaw Fishman's Final Fee Application

6.      On November 16, 2015, Shaw Fishman Glantz & Towbin LLC ("Shaw Fishman") filed the *Fifth and Final Application of Shaw Fishman Glantz & Towbin LLC, as Counsel for the Debtor, for Allowance and Payment of Compensation and Reimbursement of Expenses and for Related Relief* [Dkt. No. 422] (the "Final Fee Application").

7.      The Final Fee Application seeks final approval of Shaw Fishman's fees and expenses pursuant to 11 U.S.C. § 330 as bankruptcy counsel to the Debtor. The Court has taken the Final Fee Application under advisement. *See* [Dkt. No. 442].

### C. Adversary Proceeding

8.      On July 31, 2012, Patricia Caiarelli commenced an adversary proceeding, No. 12-01188, against the Debtor challenging dischargeability, seeking a declaratory judgment that certain property was not property of the Debtor's estate, and imposing an equitable lien and constructive trust (the "Adversary Proceeding").

9.      On March 20, 2013, the Court entered an order dismissing the Adversary Proceeding. *See* [Dkt. No. 116].

10. On February 18, 2016, Caiarelli filed a motion under Fed. R. Civ. P. 60 (incorporated by Fed. R. Bankr. P. 9024) (the "Rule 60 Motion") to vacate the order dismissing the Adversary Proceeding.

11. The Court set a briefing schedule on the Rule 60 Motion.

## Relief Requested

12. The Debtor respectfully requests that the Court enter a final decree closing the Case. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Likewise, Fed. R. Bankr. P. 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

13. The term "fully administered" is not defined in the Bankruptcy Code, but it is clear that the entry of a final decree closing a chapter 11 case should not be delayed just because all of the payments required by a plan have not been completed. *See In re Mold Makers, Inc*., 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990); *In re Jordan Manufacturing Co., Inc.,* 138 B.R. 30, 36 (Bankr. C.D. Ill. 1992).

14. Furthermore, this Court has employed the following factors when determining whether a chapter 11 case has been fully administered: (1) whether the order confirming the plan has become final; (2) whether deposits required by the Plan have been distributed; (3) whether the property proposed by the plan to be transferred has been transferred; (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (5) whether payments under the plan have commenced; and (6) whether all

motions, contested matters and adversary proceedings have been finally resolved. *Mold Makers*, 124 B.R. at 768.

15. In this Case, the Debtor's bankruptcy estate has been fully administered. The Court confirmed the Plan, and the Plan Confirmation Order is final. There are no claim objections pending. The Debtor has made all required deposits under the Plan, including the new value contributions, and all property to be distributed under the Plan has been collected, including the inherited IRA proceeds and related tax refund. Moreover, all property transfers anticipated by the Plan have been effectuated. Finally, the Debtor has made all required distributions under the Plan except with respect to the Class 5 creditors, which the Disbursing Agent will make after resolution of the Adversary Proceeding and Final Fee Application.

16. Although the Rule 60 Motion and Final Fee Application remain pending, the caselaw is clear that they do not prevent the Court from entering a final decree. *E.g.*, *In re Valence Tech., Inc.,* No. 12-11580, 2014 WL 5320632, at *4 (Bankr. W.D. Tex. Oct. 17, 2014) ("[I]t is well-established that the continuation of an adversary proceeding . . . is insufficient by itself to keep a case from being considered 'fully administered,'" and holding that appeal of orders on fee applications did not require case to remain open); *In re JMP-NewCor Int'l, Inc.,* 225 B.R. 462, 465 (Bankr. N.D. Ill. June 16, 1998) (entering a final decree notwithstanding that adversary proceeding remained pending and certain disbursements had not been made); *see Mold Makers,* 124 B.R at 768. Indeed, once those matters are resolved, the Plan is self-executing, and the Disbursing Agent will need no additional Court direction.

17. Accordingly, the Debtor's bankruptcy estate has been fully administered, and he respectfully requests that the Court enter a final decree closing the Case.

**Conclusion**

18.     For all of these reasons, the Debtor respectfully requests that the Court: (i) grant the Motion; (ii) enter a final decree closing the Case in substantially the form appended to this Motion; and (iii) grant such other just and appropriate relief.

                                                        Respectfully submitted,

                                                        CHARLES EDWARD TAYLOR, II

Dated: March 22, 2016                By:  */s/ Steven B. Towbin*
                                                          One of his attorneys

Steven B. Towbin (IL ARDC 2848456)
Terence G. Banich (IL ARDC 6269359)
David R. Doyle (IL ARDC 6303215)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151  telephone
(312) 980-3888  facsimile