UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---------------------------------------------------------------X
: 
IN RE : Chapter 11
:
CHARLES EDWARD TAYLOR II, : Case No. 12-16471
:
Debtor. :
_____X

### REQUEST FOR BRIEFING SCHEDULE

Creditor Patricia Caiarelii as Guardian ("Caiarelli"), through her counsel who interrupts his family holiday to draft this request on an iPad, request a briefing schedule on the motion to close this case and represents as follows:

### The Motion

1. After four years, Charles Edward Taylor II ("Debtor") decided on March 22, 2016 to file a motion to close his bankruptcy case (the "Motion"). Debtor gave just 7 days notice of the presentment of the Motion.

2. The notice states that the Motion is to be presented on March 29, 2016 so Caiarelli's counsel, who has been on a family holiday since March 20 and will not return until the evening of March 29, 2016, did not receive the Motion until after he was out of town and the Motion is set for presentment before he returns.

3. Caiarelli's counsel contacted Debtor's counsel to set a briefing schedule, since the notice of the motion says it is to be presented, but Debtor's counsel insists that the Motion is to be heard on March 29, 2016 and refuses to adjourn it to allow Caiarelli's counsel to

return to his office, review his files in order to confirm his client's objection to the relief requested, and to participate in the hearing.  Debtor is pulling the classic "fast one".

Relief Requested.

4. Caiarelli is still prosecuting her motion under Rule 60 which if successful will allow her to litigate the adversary proceeding objecting to Debtor's discharge.  It is unusual, at best, to close a case with such a significant portion still pending.

5. In addition, Caiarelli has other issues to be brought before the Court as to the Debtor's compliance with his bankruptcy plan, but since Caiarelli's counsel is out of town and has no access to his office files and certainly no access to legal research databases, it is impossible to prepare a complete objection to the Motion.   This is why a briefing schedule is requested.

6. Debtor is not harmed by allowing the Motion to be properly briefed and argued.  He will pay one more $250 quarterly fee to the Office of the United States Trustee.  He has paid many such quarterly payments which under his argument he could have avoided since  the Motion could have been filed any time in the past couple of years.  This $250 is less than a half hour of his counsel's time, and not reason enough to bum rush the Motion past Caiarelli.

[continued on next page]

WHEREFORE, Caiarelli requests the Court enter an order setting a briefing schedule and granting such other and further relief as may be just and proper

Dated: March 26, 2016
      Chicago, Illinois

Respectfully submitted,

PATRICIA CAIARELLI, as GUARDIAN

By:    /s/ B. Lane Hasler
B. Lane Hasler, Esq.
1016 West Jackson, Suite 100
Chicago, Illinois 60607
(312) 893-0551